UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYED ALAM,

      Plaintiff,

and

ALAM & COMPANY LLC.

    v.                                 Case No. 10-CV-0512

MILLER BREWING COMPANY, COORS
BREWING COMPANY AND MILLERCOORS
LLC

      Defendants.

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS**

---

## I. INTRODUCTION

Thousands of sales pitches are made around the country on a daily basis. The fact that a company chooses to reject a sale pitch, or decides not to entertain a sales pitch, or even expresses some initial interest in learning more, but then changes its mind and pulls back or out, is not actionable. Yet that's exactly what Plaintiffs ask this Court to do - to federalize the manner in which sales presentations are heard, considered or acted upon. They do so in the guise of Title VII and promissory estoppel claims. Because there is no legal basis to create a new cause of action for unsuccessful sales pitches, and because Plaintiffs have failed to allege any facts which could possibly warrant Court intervention into this arena, their claims must be dismissed in their entirety.

QB\10951022.7

## II. ALLEGATIONS OF PLAINTIFFS' COMPLAINT

For purposes of this motion only, Defendants accept the following allegations of the complaint as true. Plaintiff Syed Alam is an adult resident of the State of Wisconsin (Complaint ¶3), and is the sole member of Plaintiff Alam & Company, a Wisconsin limited liability corporation. (Complaint ¶4). MillerCoors, LLC (hereinafter "MillerCoors"), is a joint venture between Defendants Miller Brewing Company and Coors Brewing Company. (Complaint ¶4). MillerCoors, according to the complaint, does business in the State of Wisconsin and in interstate commerce with a principal office address in Chicago, Illinois. *Id.* Syed Alam formed Plaintiff Alam & Company in June 2004; according to the Plaintiffs, Alam & Company provides software and consulting services to the U.S. brewing industry. (Complaint ¶7).

Syed Alam was previously employed with Miller Brewing Company (Complaint ¶6). After his employment was terminated by Miller Brewing Company, he commenced litigation against it, alleging violations of Title VII. *Id.* Ultimately, that matter was settled in 2006 and as part of a settlement agreement, Syed Alam agreed "not to reapply for employment with or otherwise work for or provide services to Miller Brewing Company ["Miller"] or any of its parent, affiliates or subsidiaries." (Complaint ¶14).

Thereafter, and after the joint venture of MillerCoors had been formed, Plaintiffs approached MillerCoors to solicit MillerCoors and its distributors to buy software. As part of these sales efforts, Plaintiffs created a prototype of the software. (Complaint ¶8). According to Plaintiffs, MillerCoors told them that if they were to develop the software prototype described, Plaintiffs would be given an opportunity to make a sales presentation for the prototype. (Complaint ¶9). Plaintiffs allege that after engaging in the development of a prototype for their sales presentation, MillerCoors informed them it was not interested in meeting to pursue business opportunities. According to Plaintiffs, as reasons for its decision not to meet to discuss the

prototype, MillerCoors cited its business needs as well as Syed Alam's promise in his settlement agreement not to reapply for employment or otherwise seek to work for or provide services to Miller, its parent, affiliate or subsidiaries. (Complaint ¶¶10-14).

On or about December 5, 2009, Syed Alam filed a charge of retaliation against MillerCoors LLC (EEOC Charge No. 440-2010-1142). In his charge, Syed Alam alleged that MillerCoors refusal to allow him to make a sales pitch for his prototype was in retaliation for his previous filing of a complaint of discrimination. (Complaint ¶¶16-17). Ultimately, the EEOC issued a Notice of Rights to Sue to Syed Alam on March 22, 2010. *Id.*

### III. ARGUMENT

#### A. PLAINTIFFS' COMPLAINT AGAINST MILLERCOORS MUST BE DISMISSED.

##### 1. PLAINTIFFS DO NOT HAVE A RIGHT TO RELIEF UNDER TITLE VII.

###### a. Syed Alam Fails to State a Claim Against MillerCoors Under Title VII.

Syed Alam has no right to relief under Title VII for his retaliation claim against MillerCoors because Title VII's prohibition on retaliation (42 U.S.C. § 2000e-3(a)), only makes it an "unlawful employment practice for <u>an employer</u> to discriminate against <u>any of his employees or applicants for employment.</u>" Syed Alam does not allege that he was ever employed by or applied for employment at MillerCoors. (*See*, Complaint ¶6, describing Plaintiff Syed Alam's termination from employment at Miller Brewing Company). As noted in the complaint, Miller Brewing Company and MillerCoors are distinct legal entities. Therefore, Mr. Alam cannot seek protection under Title VII from alleged retaliation by MillerCoors as a current or former "employee" of MillerCoors, because he was never employed at or applied for employment with MillerCoors.

Further, as alleged in the complaint, Syed Alam was not seeking employment with MillerCoors, but rather sought to provide services to MillerCoors as a vendor and independent contractor through Alam & Company. (*See*, Complaint ¶¶8-9, describing Plaintiffs' alleged efforts to make a sale to MillerCoors). It is well-established that in order to maintain a Title VII action against a defendant, a plaintiff must prove the existence of an employment relationship. While Title VII defines employee broadly as "an individual employed by an employer" (42 U.S.C. § 2000e(f)), the Seventh Circuit has expressly held that independent contractors are not protected under Title VII. *Alexander v. Rush North Shore Med. Cntr.,* 101 F.3d 487, 492 (7th Cir.1996)(quoting *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 380 (7th Cir.1991)). In *Alexander*, a physician's Title VII complaint against a hospital was rejected by the Seventh Circuit, which found that he was an independent contractor. In so holding, the Seventh Circuit noted, among other things, that the physician practiced as an employee of his own personally owned professional corporation, hired his own employees, and was free to contract with other hospitals. The Court concluded that his status as an independent contractor fell outside of the scope of Title VII. *See also, Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 440 (7th Cir. 1996)(rejecting airport limousine driver's Title VII sex discrimination claim because she was an independent contractor); *Brewster v. CNH America LLC, et al.,* 2008 WL 111332 *6-7 (E.D.Wis. 2008)(Title VII claim dismissed where no employee/employer relationship existed). Here, Syed Alam did not seek employment with MillerCoors, but instead sought to establish an independent contractor relationship with MillerCoors through his limited liability corporation, Alam & Company. Accordingly, Syed Alam's Title VII claims against MillerCoors are not actionable under Title VII.

### b. Alam & Company is neither protected under Title VII, nor did it ever file an administrative charge.

Plaintiff Alam & Company's claims are not cognizable under Title VII. First, Alam & Company, a corporate entity, cannot bring a suit under Title VII, which protects only "individuals." (S*ee,* 42 U.S.C. § 2000e(f)). Moreover, even if Alam & Company was protected under Title VII, it never filed any charge of discrimination with the EEOC or any state agency against MillerCoors. (Complaint ¶¶16-17). Filing a charge is a necessary predicate to bringing suit in federal court—a legal requirement Plaintiffs themselves acknowledge in their complaint. (Complaint ¶¶18). *See* 42 U.S.C. § 2000e-5(e)(1); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)(party not named as respondent in an EEOC charge may not be sued under Title VII); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001)(same).[1] Thus, Alam & Company's claims under Title VII must be dismissed.

### 2. PLAINTIFFS FAIL TO STATE A PROMISSORY ESTOPPEL CLAIM AGAINST MILLERCOORS.

Plaintiffs' promissory estoppel claim is nothing more than an attempt to make a failed sales pitch into a federal claim. It fails to meet the required elements of a promissory estoppel claim. Allowing such a claim to go forward would be unprecedented and could bring court supervision into the thousands of sales pitches made around the state and country daily.

Plaintiffs' Second Cause of Action states as follows:

> 23. Defendants induced reliance by the Plaintiffs upon the Defendants' promises of future business opportunities, causing the Plaintiffs to invest significant time and money in developing a prototype to the Plaintiffs' detriment.

---

[1] Additionally, Alam & Company cannot establish that it was ever employed by MillerCoors (an impossibility for a corporate entity), nor that it sought an employment relationship with MillerCoors, and therefore, for the same reasons stated in Section A(1)(a), this claim also fails.

Case 2:10-cv-00512-RTR   Filed 09/28/10   Page 5 of 19   Document 10

24. Defendants should be promissorily estopped from denying payment to the Plaintiffs for their production of the prototype they requested.

Plaintiffs earlier described the "business opportunities" referred to in their Second Cause of Action as an "opportunity to present that prototype to the MillerCoors Executive Management and Distributor Council in order to make a sale." (Complaint ¶9). However, and as a matter of law, the type of "promise" allegedly made by MillerCoors - to entertain a sales presentation - is not the type of promise which must be enforced to avoid an injustice. Accordingly, the Plaintiffs' claim for promissory estoppel must be dismissed.

The purpose of promissory estoppel is to enforce promises where the failure to do so is unjust. *U.S. Oil Co., Inc. v. Midwest Auto Care Servs.*, 150 Wis. 2d 80, 91, 440 N.W.2d 825 (Ct. App. 1989). To prevail on a promissory estoppel claim under Wisconsin law, a plaintiff must show: (1) that the promise was one that the promisor reasonably should have expected would induce action or forbearance of a definite and substantial character on the part of the promisee; (2) that the promise did induce the required action or forbearance; and (3) that injustice can be avoided only by enforcing the promise. *Hoffman v. Red Owl Stores, Inc.,* 26 Wis. 2d 683, 133 N.W.2d 267, 275 (1965); *Major Mat Co. v. Monsanto*, 969 F.2d 579, 583 (7th Cir. 1992). The third requirement, that the remedy can only be invoked where necessary to avoid injustice, is one that involves a policy decision by the court. Such a policy decision necessarily embraces an element of discretion. *Hoffman v. Red Owl Stores, Inc.,* 26 Wis. 2d at 698. Promissory estoppel is an alternative basis to breach of contract for seeking damages for the breakdown of a relation. *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). The Wisconsin supreme court has noted that its basis is akin to a contractual basis for reformation. *Ahnapee & W. Ry. Co.*, 34 Wis. 2d 134, 145, 148 N.W.2d 646 (Wis. 1967).

- 6 -
QB\10951022.7
Case 2:10-cv-00512-RTR   Filed 09/28/10   Page 6 of 19   Document 10

In *Silberman v. Roethe,* 64 Wis. 2d 131, 218 N.W.2d 723 (1974), the Wisconsin supreme court addressed the third condition of a promissory estoppel claim - whether a promise is the type that must be enforced to avoid injustice. In *Silberman,* the plaintiff reduced a debt owed to him by a corporation in reliance on a promise by the defendant to purchase that corporation and thus strengthen it financially. The defendant did not keep its promise, and the debtor-corporation went into receivership. Nevertheless, the Wisconsin supreme court concluded that the plaintiff's promissory estoppel claim failed because it was speculative that the plaintiff ever could have collected the full debt had it tried. Describing the purely speculative nature of the plaintiff's alleged damages, the Wisconsin supreme court wrote:

> In discussing the doctrine of promissory estoppel, Corbin [referring to 1A Corbin, *Contracts*, pp. 235, 241, sec. 205] described the various types of reliance and the difficulties they pose. He stated that in some cases 'the action in reliance may be of a kind that can hardly be measured, as where the promisee forbears to collect a debt in reliance on the defendant's promise to pay it. Had he not forborne, would he have collected? Sometimes, this cannot be determined; at other times a reasonably definite opinion can be formed.' The situation in the present case is similar to the situation Corbin described. Here the plaintiff claims to have reduced a debt owed to him in reliance on the promise of the defendant. If he had refused to do so and the purchase of the company had not occurred, would he have collected his claim? Or if he had refused to reduce the debt and the purchase occurred anyway, the plaintiff would be in worse financial condition with a larger unpaid claim. The plaintiff-respondent argues in his brief that these factors should not be considered because the handling of the company by Roethe and Burgess makes the question of what might have happened had they not acquired Milway forever unanswerable. However, this begs the question. The issue is really that in a case like the present one it is very speculative that the plaintiff has actually suffered from his action in reliance.

*Id.* at 144.

In light of the speculative nature of the reliance damages and further noting that the parties were all "businessmen," the *Silberman* court held: "We conclude here to let the losses lie where they have fallen because it is not clear that injustice will result from non-enforcement of the alleged promises of the defendant." *Id.* at 147.

- 7 -
QB\10951022.7
Case 2:10-cv-00512-RTR    Filed 09/28/10    Page 7 of 19    Document 10

The Seventh Circuit in *Gruen Industries, Inc. v. Biller*, 608 F.2d 274 (7th Cir. 1979), similarly rejected a promissory estoppel claim it deemed too speculative and conditional. There, plaintiffs and defendants agreed in concept to the sale of defendants' shares of a company. Plaintiffs then incurred expenses and attorneys fees to draft the agreement for the sale. After the drafting of the agreement was virtually complete, but before actual execution of it, the defendants sold their shares to another party.

Comparing the facts before it to those presented in *Silberman* (*supra*), the Seventh Circuit wrote:

> Similarly, the alleged agreement here was subject to numerous conditions, some of which were under the control of third parties. If any of these conditions were not satisfied, the buyers or sellers would have been able to terminate the agreement unilaterally prior to the sale and purchase of the stock. Had the defendants kept the alleged promises, as they are embodied in the unsigned Agreement, the sale may very well have failed on the basis of the many contingencies, and the plaintiffs would not have been entitled to any reimbursement of their expenses. We agree with the district court that summary judgment is appropriate here. To avoid injustice, it clearly is not necessary that plaintiffs be placed in a better position for the alleged breach than they may have been had the promise been kept. The conditional promise alleged is not a reasonable basis for reliance and thus not a proper basis for estoppel. (citations omitted).
>
> In addition to the conditional nature of the promise, other circumstances of this case militate against recovery on an estoppel theory. . . Furthermore, the plaintiffs were represented by sophisticated businessmen, and therefore '[t]his is not a situation of an individual taken advantage of by a corporation or individual with superior knowledge of legal and business practices.' [citing *Silberman, supra* at 146]. Finally, there is no allegation that the defendants were in any way unjustly enriched because of the plaintiffs' reliance. *Id.* at 281.

Ultimately, the Seventh Circuit noted that business transactions are never guaranteed and the fact that a deal is not consummated does not alone entitle a disappointed party to damages:

> In summary, the plaintiffs' promissory estoppel argument seeks to transform these complex negotiations into a "no lose" situation. *Every businessman faces the risk that the substantial transaction costs necessary to bring about a mutually beneficial contract will be lost if the negotiations fail to yield a satisfactory*

> *agreement.* It is difficult to find the degree of injustice necessary for recovery in estoppel when the promises incorporate so many contingencies and complexities and as a matter of sound business practice are to be formalized before the parties are to be formalized before the parties carry them out. We conclude on this basis that the losses are best left where they have fallen, because it is clear that no injustice will result from not enforcing the alleged promise. *Id.* at 281-282 (emphasis supplied).

*See also, Cosgrove v. Bartolotta, supra,*, 150 F.3d at 733(7th Cir. 1998)("A promise that is vague and hedged about with conditions may nevertheless have a sufficient expected value to induce a reasonable person to invest time and effort in trying to maximize the likelihood that the promise will be carried out. *But if he does so knowing that he is investing for a chance, rather than relying on a firm promise that a reasonable person would expect to be carried out, he cannot plead promissory estoppel.*")(emphasis supplied).

The application of the principles from those cases here makes it even more clear that an alleged promise to entertain a sales pitch at some point in the future is simply not the type of promise which must be enforced to avoid injustice. *Silberman* and *Gruen* declined to permit promissory estoppel claims based on the speculative nature of the alleged reliance in those claims. Even then, the promises at issue in those cases were far more definite and tangible than the promises allegedly made to Plaintiffs in this case (in *Gruen*, an agreement in principle to purchase shares; in *Silberman*, the promise to purchase a business if its debt was forgiven). The alleged promise here, to listen to a sales pitch from Plaintiffs, which *might* result in a sale is, in the end, a conditional and speculative one, and far more so than the promises considered, but found to be insufficient, in *Silberman* and *Gruen*.

Even if the Plaintiffs' sales pitch had been heard by MillerCoors Executive Management and the third party beer distributors who make up the Distributors Council, Plaintiffs were not

(and do not allege that they were) assured of actually making a sale.[2] As in *Gruen*, here, any ultimate agreement with Plaintiffs might have depended on the opinions of the third-party beer distributors, thus further demonstrating the need to reject the Plaintiffs' promissory estoppel claim. The needs of businesses change, decision-makers move on, and priorities and directions are adjusted. A sales effort is, by its nature, an investment by the seller in the *chance* that a sale may occur. Permitting recovery on this type of claim would transform the sales process into the "no-lose" situation rejected by the Seventh Circuit in *Gruen*.

The third prong of the promissory estoppel claim requires a court to determine whether the promise is the type that must be enforced to avoid injustice and, in that regard, courts are directed to consider policy implications. *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d at 698. To that end, this Court must consider where the stopping point would be if these types of claims are permitted to move forward. For example, a disappointed salesperson could allege that while a potential buyer entertained a sales pitch, they weren't really serious about it, and, therefore, the potential buyer's promise to listen to the sales pitch was really not kept. Businesses would then be forced to defend their rationale for rejecting a sales pitch, or to "prove" that they really did seriously consider it. These are the types of purely speculative claims rejected by the Wisconsin supreme court in *Silberman* on public policy grounds, and in fact, Plaintiffs' claims here are far more speculative than the more definitive claims raised in *Silberman* and its progeny, but found to be insufficient.

---

[2] In this regard, *see Universal By-Products, Inc. v. City of Modesto*, 43 Cal.App.3d 145, 117 Cal.Rptr. 525 (1974), where the appellate court rejected a promissory estoppel claim by unsuccessful low bidder to perform city services, seeking recovery of expenses incurred in bidding process. The court held that the fact that the city solicited bids did not imply a promise that thereafter it would consider the bids before rejecting them. "... [W]e see no injustice in requiring appellant to bear the expense of preparing its bid; it entered into the bidding procedure with full knowledge of respondent's right to reject the bids if it should choose to do so. As an experienced business entity, appellant must be deemed to have assumed the risk that respondent might act in accordance with its legal right." *Id.* 43 Cal.App.3d at 156-157.

The U.S. Supreme Court in its recent case law on the issue of sufficiency of pleadings has noted the role that courts must play in ensuring that a claim has at least facial legal merit, "lest a plaintiff with 'a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value. . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(citations omitted). Those admonitions apply with force here. This is clearly not the type of "promise" courts envisioned in fashioning and applying the promissory estoppel claim. Justice will not be served by providing a remedy or even permitting this claim to move forward. Accordingly, the Plaintiffs' promissory estoppel claim must be dismissed.

### B. PLAINTIFFS' COMPLAINT AGAINST MILLER BREWING COMPANY MUST BE DISMISSED.

#### 1. Plaintiffs' complaint, with no factual allegations against Miller Brewing Company, should be dismissed in accordance with *Iqbal* and *Twombly*.

Plaintiffs' complaint contains no material allegations against Miller Brewing Company. The only allegations Plaintiffs make regarding Miller Brewing Company (other than citing its address, where it does business and that MillerCoors is a joint venture between it and Coors Brewing Company) is that Syed Alam was previously employed there, had his employment terminated by Miller Brewing Company, and in 2006, entered into a settlement agreement resolving pending Title VII litigation and claims. (Complaint ¶¶5-6, 14). Because Plaintiffs failed to allege any facts against Miller Brewing Company upon which an actionable claim could be based, their complaint against it must be dismissed.

- 11 -
QB\10951022.7
Case 2:10-cv-00512-RTR   Filed 09/28/10   Page 11 of 19   Document 10

In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court reversed the Second Circuit Court of Appeals and dismissed a putative anti-trust class action complaint for failure to state a claim, noting that the Fed.R.Civ.P. 8 pleading standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). A complaint must allege specific facts, so that when accepted as true, those facts state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009)(which also reversed the Court of Appeals and dismissed a complaint for failure to state a claim.) Facial plausibility exists when there are facts pled which allow the court to draw the reasonable inference that the defendant has committed the alleged misconduct. *Id*. Affirming a dismissal for failure to state a claim, the Seventh Circuit recently stated:

> We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more. These are the plaintiffs who have not provided the "showing" required by Rule 8.
>
> So, what do we take away from *Twombly, Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

After *Iqbal*, "it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination." *Riley v. Vilsack*, 665 F.Supp.2d 994, 1004 (W.D. Wis. 2009)(dismissing disability discrimination and retaliation claims for failure to state a claim); *Wade v. Morton Buildings, Inc.*, 2010 WL 378508, *4 (C.D. Ill. 2010)(dismissing for failure to

state a claim a complaint alleging violations of the state and federal Equal Pay Acts and Title VII sex discrimination and retaliation). Further, Fed.R.Civ.P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1950. As this Court itself noted in *Stayart v. Yahoo, Inc.*, 651 F.Supp.2d 873, 880 (E.D.Wis. 2009)(dismissing federal claims in a complaint for failure to state a claim):

> The Court need not accept as true the "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Notice pleading "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Other courts have also dismissed cases for failing to meet minimal pleading standards where Plaintiffs have alleged more detail than Plaintiffs have against Miller Brewing Company. For example, in *Wade, supra,* the court found allegations that the Plaintiff was discriminated against on the basis of her sex and paid less than her male counterparts failed to give fair notice because the allegations did not give defendant any hint of the identity of the comparable male employees, their positions or salaries. 2010 WL 378508 at * 6. *See also, Walthour v. Child and Youth Services, et al.*, 2010 WL 2816659, *8 (E.D.Pa. 2010)(civil rights complaint dismissed when Plaintiff failed to make any factual allegations against defendants, even when viewed in the light most favorable to him, to support any plausible claim).

In contrast, Plaintiffs here allege only that Miller Brewing Company has a corporate existence and address, that MillerCoors is a joint venture between Miller Brewing Company and

- 13 -

Coors Brewing Company, and that Syed Alam previously was employed with Miller Brewing Company and entered into a settlement agreement with it. They make no allegations whatsoever against Miller Brewing Company in connection with their attempts to make a sales presentation to MillerCoors, yet allege, in conclusory fashion, that Miller Brewing Company retaliated against them in violation of Title VII and is liable to Plaintiffs under a theory of promissory estoppel.[3]

A complaint, like Plaintiffs' complaint, stating only "bare legal conclusions," even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion. *Bissessur v. The Indiana Univ. Board of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009)(affirming dismissal of complaint for failure to state a claim), *citing Twombly*, 550 U.S. at 547; *Iqbal*, 129 S.Ct. at 1949 ("…naked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss."). The Court, accordingly, should dismiss Plaintiffs' complaint against Miller Brewing Company in its entirety.

> 2. **Plaintiffs Do Not Have A Right to Relief Under Title VII against Miller Brewing Company.**
>
>> a. **Alam & Company is neither protected under Title VII, nor did it ever file an administrative charge against Miller Brewing Company.**

For the same reasons stated above in Section III(A)(1)(b) regarding MillerCoors (incorporated herein by reference), Plaintiff Alam & Company fails to state a claim for relief against Miller Brewing Company under Title VII in that Alam & Company it is not an entity protected under Title VII, never filed a charge against Miller Brewing Company and was never

---

[3] The fact that Miller Brewing Company and Coors Brewing Company are the members of the MillerCoors limited liability corporation does not alone create an independent basis for liability. *See*, Del. Code Ann. tit. 6, § 18-303(a)(members of an LLC are not individually liable for the debts, obligations, or liabilities of the LLC if such liability is based solely on their status as members of the LLC; *see also*, Wis. Stat. § 183.0304(1), *Brew City Redevelopment Group, LLC v. The Ferchill Group*, 2006 WI 128, ¶ 41 for the same proposition.

employed by it, nor sought an employment relationship with it. Accordingly, Alam & Company's Title VII claim against Miller Brewing Company must be dismissed.

### b. Syed Alam's Title VII claim against Miller Brewing Company fails because he never filed an administrative charge against it.

Syed Alam filed a charge of discrimination with the U.S. EEOC against MillerCoors. He never filed a charge against Miller Brewing Company relating to the factual circumstances alleged in this lawsuit. His failure to do so forecloses his Title VII claim against Miller Brewing Company here.

As noted above in Section III(A)(1)(b), filing a charge is a necessary predicate to bringing suit in federal court—a legal requirement Plaintiffs themselves acknowledge in their complaint. (Complaint ¶¶18). *See* 42 U.S.C. § 2000e-5(e)(1); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)(party not named as respondent in an EEOC charge may not be sued under Title VII); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001)(same). The very limited and narrow circumstances warranting an exception to this rule— that the unnamed party had adequate notice of the charge—do not apply here as Plaintiffs do not allege Miller Brewing Company ever had notice of such a charge. Accordingly, even if Syed Alam had alleged material facts against Miller Brewing Company (which he did not, see Section III(B)(1) above), his Title VII complaint against it must be dismissed for failure to satisfy the charge filing prerequisite. 42 U.S.C. § 2000e-5(e)(1); *see also*, *Tamayo* and *Olsen*, *supra*.

### 3. Plaintiffs' Complaint Fails To State A Claim For Promissory Estoppel Against Miller Brewing Company.

Plaintiffs' claims for promissory estoppel against Miller Brewing Company fail to state a claim upon which relief can be granted for the same reasons discussed above in Section III(A)(2)(incorporated herein by reference), and because, as noted above in Section III(B)(1),

- 15 -

Plaintiffs fail to allege *any* facts against Miller Brewing Company upon which such a claim could be based. Accordingly, Plaintiffs' promissory estoppel claims against Miller Brewing Company must be dismissed.

### C. PLAINTIFFS' COMPLAINT AGAINST COORS BREWING COMPANY MUST BE DISMISSED.

#### 1. Plaintiffs' complaint, with no factual allegations against Coors Brewing Company, should be dismissed in accordance with *Iqbal* and *Twombly*.

As it failed to do against Miller Brewing Company, Plaintiffs' complaint contains no material allegations against Coors Brewing Company. The only allegations Plaintiffs make regarding Coors Brewing Company is to cite its address, where it does business and that MillerCoors is a joint venture between it and Miller Brewing Company. For the same reasons cited above and discussed in detail in Section III(B)(1)(incorporated herein by reference), because Plaintiffs failed to allege any facts against Coors Brewing Company upon which any actionable claim could be based, their complaint against it must be dismissed.

#### 2. Plaintiffs Do Not Have A Right to Relief Under Title VII against Coors Brewing Company.

##### a. Alam & Company is neither protected under Title VII, nor did it ever file an administrative charge against Coors Brewing Company.

For the same reasons stated above in Section III(A)(1)(b) regarding MillerCoors and in Section III(B)(2)(a) regarding Miller Brewing Company, Plaintiff Alam & Company fails to state a claim for relief against Coors Brewing Company under Title VII in that Alam & Company is not an entity protected under Title VII, because it never filed a charge against Coors Brewing Company and because it was never employed by Coors Brewing Company, nor sought an employment relationship with it. Accordingly, Alam & Company's Title VII claim against Coors Brewing Company must be dismissed.

QB\10951022.7

Case 2:10-cv-00512-RTR   Filed 09/28/10   Page 16 of 19   Document 10

### b. Syed Alam's Title VII claim against Coors Brewing Company fails because he never filed an administrative charge against it.

Syed Alam filed a charge of discrimination with the U.S. EEOC against MillerCoors. He never filed a charge relating to the factual circumstances alleged in this lawsuit against Coors Brewing Company. His failure to do so forecloses his Title VII claim against Coors Brewing Company here.

As noted above in Section III(A)(1)(b), filing a charge is a necessary predicate to bringing suit in federal court—a legal requirement Plaintiffs themselves acknowledge in their complaint. (Complaint ¶¶18). *See* 42 U.S.C. § 2000e-5(e)(1); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)(party not named as respondent in an EEOC charge may not be sued under Title VII); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001)(same). The very limited and narrow circumstances warranting an exception to this rule—that the unnamed party had adequate notice of the charge—do not apply here as Plaintiffs do not allege Coors Brewing Company ever had notice of such a charge. Accordingly, Plaintiffs' Title VII claims against Coors Brewing Company should be dismissed.

### c. Syed Alam Fails to State A Claim Against Coors Brewing Company Under Title VII.

In any event, even if he had filed an administrative charge against Coors Brewing Company, Syed Alam has no right to relief under Title VII for his retaliation claim against Coors Brewing Company because Title VII's prohibition on retaliation (42 U.S.C. § 2000e-3(a)), only makes it an "unlawful employment practice for <u>an employer</u> to discriminate against <u>any of his employees or applicants for employment</u>." Syed Alam does not allege that he was ever employed by or applied for employment at Coors Brewing Company. (*See*, Complaint ¶6, describing Plaintiff Syed Alam's termination from employment at Miller Brewing Company).

As noted in the complaint, Coors Brewing Company and MillerCoors are distinct legal entities. Therefore, Mr. Alam cannot seek protection under Title VII from alleged retaliation by Coors Brewing Company as a current or former "employee" of Coors Brewing Company, because he was never employed at or applied for employment with Coors Brewing Company.

Further, as alleged in the complaint, Syed Alam was not seeking employment with Coors Brewing Company, but rather sought to provide services to MillerCoors as a vendor and independent contractor through Alam & Company. (*See*, Complaint ¶¶8-9, describing Plaintiffs' alleged efforts to make a sale to MillerCoors). Accordingly, and for the same reasons as discussed in Section III(A)(1)(a)(incorporated herein by reference), Syed Alam's Title VII claim against Coors Brewing Company must be dismissed.

### 3. Plaintiffs' Complaint Fails To State A Claim For Promissory Estoppel Against Coors Brewing Company.

Plaintiffs' claims for promissory estoppel against Coors Brewing Company fail to state a claim upon which relief can be granted against Coors Brewing Company for the same reasons discussed above in Section III(A)(2)(incorporated herein by reference), and because, as noted above in Section III(B)(1), with regard to Miller Brewing Company, Plaintiffs fail to allege *any* facts against Coors Brewing Company upon which such a claim could be based. Accordingly, Plaintiffs' promissory estoppel claims against Coors Brewing Company must be dismissed.

### CONCLUSION

For the reasons stated above, Defendants ask that Plaintiffs' Complaint be dismissed in its entirety and that Defendants be awarded their costs, attorneys' fees and any and all other legal and equitable relief to which it might be entitled as to be determined by this Court.

Dated: September 28, 2010.

ELY A. LEICHTLING
State Bar No. 1008556
MICHAEL ALDANA
State Bar No. 1020233
DEREK GILLIAM
State Bar No. 1056391

<u>Direct Inquiries To:</u>
Michael Aldana
(t) 414.277.5151
(f) 414.978.8951
michael.aldana@quarles.com

<u>s/ Michael Aldana</u>
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497
414.277.5000

Attorneys for Defendants

- 19 -
QB\10951022.7
Case 2:10-cv-00512-RTR    Filed 09/28/10    Page 19 of 19    Document 10