# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SYED ALAM, ALAM & COMPANY, LLC,**

    Plaintiffs,

    -vs-

**Case No. 10-C-512**

**MILLER BREWING COMPANY, COORS BREWING COMPANY and MILLERCOORS, LLC,**

    Defendants.

---

# DECISION AND ORDER

---

In 2006, Syed Alam ("Alam") settled a Title VII lawsuit against his former employer, Miller Brewing Company ("Miller"). Thereafter, Alam (through Alam & Company, LLC) approached Miller's subsequently-formed joint venture with Coors Brewing Company ("Coors") – MillerCoors LLC – about developing a software prototype. MillerCoors told Alam that if Alam continued working on the prototype, MillerCoors would entertain his sales pitch and consider buying the software. After two months working on the prototype, MillerCoors pulled the plug on Alam, citing Alam's prior lawsuit against Miller as the primary justification. "As I indicated during our conversation, MillerCoors is not interested in engaging you or your company. . . . MillerCoors has made this decision based on the terms . . . of the settlement and release dated January 17, 2006. . . . Paragraph 8 of the Settlement Agreement provides: 'I agree not to reapply for employment with or otherwise work for or provide services to [Miller] or any of its parent, affiliates or subsidiaries.'" Alam alleges that

all of the defendants – Miller, Coors, and MillerCoors LLC – retaliated against him on the basis of his previous lawsuit against Miller. Alam also brings a state common law claim for promissory estoppel. The defendants move to dismiss for failure to state a claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Notice pleading "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. While a complaint must plead enough facts to state a plausible claim, a complaint can also plead too much by "pleading facts that establish an impenetrable defense . . ." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

Title VII's anti-retaliation provision makes it an "unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Employees are protected from retaliation by their former employers. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997); *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881 (7th Cir. 1996). Accordingly, Alam can maintain a retaliation claim against his former employer, Miller Brewing Company. However, Alam was never

-2-

employed by Coors or MillerCoors, and it is not unlawful discrimination for an employer to retaliate against another employer's employee. *Hale v. Marsh*, 808 F.2d 616, 618-19 (7th Cir. 1986) (emphasis in original).[1]

Therefore, Miller Brewing Company can be considered Alam's "employer" for purposes of a Title VII retaliation claim, but stating a claim against Coors and MillerCoors presents a trickier proposition. Limited liability ordinarily insulates a corporation from the liabilities of its affiliates. *Marshal v. H & R Block Tax Servs., Inc.*, 564 F.3d 826, 828 (7th Cir. 2009). Affiliated corporations forfeit their limited liability and become a "single employer" under the following circumstances: (1) when the traditional conditions for piercing the corporate veil are present; (2) by taking actions for the express purpose of avoiding liability under the discrimination laws; or (3) by directing the discriminatory act, practice, or policy of which the employee is complaining. *Worth v. Tyer*, 276 F.3d 249, 259-60 (7th Cir. 2001); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-41 (7th Cir. 1999). "The basic principle of affiliate liability is that an affiliate forfeits its limited liability only if it *acts* to forfeit it – as by failing to comply with statutory conditions of corporate status, or misleading creditors of its affiliate, or configuring the corporate group to defeat statutory

---

[1] It should be noted that Alam is not suing as an "applicant for employment" with MillerCoors LLC, 42 U.S.C. § 2000e-3(a), perhaps realizing his status as an independent contractor. *Heinemeier v. Chemetco, Inc.*, 246 F.3d 1078, 1082 (7th Cir. 2001); *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492-93 (7th Cir. 1996).

jurisdiction, or commanding the affiliate to violate the right of one of the affiliate's employees." *Papa* at 941.[2]

The Court cannot pierce the corporate veil to impose liability on Coors or MillerCoors as Alam's former employer. Piercing the corporate veil occurs when "corporate formalities are ignored and the actions of one company can accrue to another." *Worth* at 260. There must be "such unity of interest and ownership that the separate personalities . . . no longer exist," and the "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Id.* (quoting *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985)). The defendants were affiliated at the time of the alleged retaliatory conduct, but this is not enough to attach affiliate liability. There must be an underlying employment relationship, and neither Coors nor MillerCoors were affiliated with Miller when Miller employed Alam. The actions of Miller in creating an employment relationship with Alam could not possibly have "accrued" to the joint venture because the parties were not a joint venture at that time. Stated more simply, the joint venture was not acting as a "single employer" (or a single former employer) when it refused to hear Alam's sales pitch. Miller is the only former employer.

Therefore, Alam cannot state a retaliation claim against Coors or MillerCoors. He can proceed against Miller, but Alam's complaint alleges that the joint venture, not Miller, agreed

---

[2] In *Papa*, the Seventh Circuit rejected the four-factor "integrated enterprise" test that was previously used in this circuit to determine whether a group of affiliated corporations could be considered a "single employer." *Rogers v. Sugar Tree Prods., Inc.*, 7 F.3d 577, 582 (7th Cir. 1994) (interrelation of operations, common management, centralized control, and common ownership). "Where a focus on integration makes sense is in the original context of the four-factor test: the determination by the National Labor Relations Board of whether it has jurisdiction over an employer or, even more clearly, what the appropriate bargaining unit is. . . . But there is no argument for making one affiliate liable for the other's independent decision to discriminate." *Papa* at 942 (internal citations omitted).

-4-

but then refused to hear his sales pitch. It could be that Miller was responsible behind the scenes, but the allegations in Alam's complaint do not plausibly suggest this scenario. Moreover, Alam did not name Miller in his EEOC charge.[3] Alam argues that this can be excused pursuant to *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) ("where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party"). Once again, Alam's complaint does not plausibly suggest that the *Eggleston* exception applies here.

Based on the foregoing, the Court will **GRANT** the motion to dismiss [D. 9], but allow Alam thirty (30) days to re-plead. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). If Alam fails to state a plausible federal claim, the Court will relinquish jurisdiction over the supplemental state law claims and dismiss this case in its entirety. *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997); 28 U.S.C. § 1367(c)(3).

Dated at Milwaukee, Wisconsin, this 16th day of December, 2010.

                                      **SO ORDERED,**

                                      *s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**

---

[3] The Court can consider Alam's EEOC charge without converting this motion into one for summary judgment. *Drebing v. Provo Group, Inc.*, 494 F. Supp. 2d 910, 912 (N.D. Ill. 2007); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court can take judicial notice of public documents without converting motion to dismiss into motion for summary judgment).