# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SYED ALAM, ALAM & COMPANY, LLC,

                      Plaintiffs,

        -vs-                                            Case No. 10-C-512

MILLER BREWING COMPANY, COORS
BREWING COMPANY and MILLERCOORS, LLC,

                        Defendants.

## DECISION AND ORDER

In a previous order, the Court granted the motion to dismiss filed by the defendants (MillerCoors LLC, Miller Brewing Company and Coors Brewing Company), but granted the plaintiffs, Syed Alam and Alam & Company, LLC, thirty days to re-plead their claims. D. 15; *Alam v. Miller Brewing Co.*, 2010 WL 5300549 (E.D. Wis. Dec. 16, 2010). After filing an amended complaint pursuant to the Court's order, counsel for the plaintiffs withdrew, leaving Mr. Alam to represent himself. Defendants move to dismiss the amended complaint.[1]

The Court's decision established that Alam cannot state a retaliation claim against Coors or MillerCoors. "The defendants were affiliated at the time of the alleged retaliatory conduct, but this is not enough to attach affiliate liability. There must be an underlying employment relationship, and neither Coors nor MillerCoors were affiliated with Miller

---

[1] Defendants also move to strike Mr. Alam's attempt to appear on behalf of his LLC. This motion is granted. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (LLC may only appear in court by counsel).

when Miller employed Alam." *Id.* at *2. The Court left the door open for a possible claim against Miller, reasoning as follows: "He can proceed against Miller, but Alam's complaint alleges that the joint venture [MillerCoors LLC], not Miller, agreed but then refused to hear his sales pitch. It could be that Miller was responsible behind the scenes, but the allegations in Alam's complaint do not plausibly suggest this scenario. Moreover, Alam did not name Miller in his EEOC charge. Alam argues that this can be excused pursuant to *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) . . . Once again, Alam's complaint does not plausibly suggest that the *Eggleston* exception applies here." *Id.*

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Notice pleading "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

The amended complaint includes allegations which plausibly suggest that Miller directed MillerCoors' retaliation against the plaintiffs. Amended Complaint, ¶ 16 ("On

information and belief, Defendant Miller directed Mike Pelto and other employees at MillerCoors to retaliate against Plaintiffs by refusing to allow them to present the prototype to the MillerCoors Executive Management and Distributor Council as originally promised to Plaintiffs"). However, Alam's amended complaint, just like his original complaint, does not plausibly suggest that his failure to name Miller in his EEOC charge can be excused.

Ordinarily, a party not named as the respondent in an EEOC charge cannot be sued under Title VII. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). The purpose of the charge-filing requirement is to notify the charged party of the alleged violation and to give the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). Accordingly, the failure to name a party in an EEOC charge can be excused "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance . . ." *Eggleston* at 905. Alam argues, under pre-*Twombly* and pre-*Iqbal* cases, that he should not have to allege specific facts justifying the application of the *Eggleston* exception. *Drebing v. Provo Group, Inc.*, 494 F. Supp. 2d 910 (N.D. Ill. 2007). But in a post-*Twombly* case, the Seventh Circuit upheld the Rule 12(b)(6) dismissal of a complaint which failed to allege proper notice of an EEOC charge. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("Although Ms. Tamayo may have notified the IGB that an EEOC charge had been filed against someone .

. . her complaint does not allege that she notified the IGB that a charge had been filed against *it*") (emphasis in original) (citing *Schnellbaecher* at 127).

Here, the amended complaint simply alleges that Alam filed an EEOC charge of retaliation against MillerCoors. It says nothing about whether notice was provided to Miller Brewing Company, much less whether the charge alleged that Miller (as opposed to MillerCoors LLC) retaliated against Alam, such that Miller was afforded the opportunity to conciliate. Since the complaint specifically alleges that only MillerCoors LLC was named in the charge, Alam needed to fill in the factual gaps to demonstrate that the charge provided notice to Miller that Miller was being accused of unlawful conduct. Therefore, his complaint fails to state a claim for relief against Miller that is plausible on its face.

The parties also address Alam's state law claims for promissory estoppel, but as the Court already indicated, the best approach is to relinquish jurisdiction over supplemental state law claims. *Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873, 886 (E.D. Wis. 2009); 28 U.S.C. § 1367(c)(3). Under Wisconsin law, the use of promissory estoppel to "avoid injustice" is a "policy decision" that "necessarily embraces an element of discretion." *Hoffman v. Red Owl Stores, Inc.*, 133 N.W.2d 267, 275 (Wis. 1965). In the context of a discretionary remedy, there is no obviously correct interpretation of state law. *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997). The development or rejection of such a remedy should be left to the state courts in the first instance.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to strike [D. 28] is **GRANTED**;

2. Defendants' motion to dismiss [D. 20] is **GRANTED**; and

3. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2011.

                                          **SO ORDERED,**

                                          *s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**